# UNITED STATES DISTRICT COURT
for the
Central District of California

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched or identify the person by name and address)*<br><br>United States Postal Service ("USPS") parcel bearing label number EJ093350369US,<br>the "SUBJECT PARCEL" | )<br>)<br>)  Case No.  **2:20-MJ-02848**<br>)<br>)<br>)<br>) |

**APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS**

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

*See Attachment A*

located in the Central District of California, there is now concealed *(identify the person or describe the property to be seized)*:

*See Attachment B*

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☒ evidence of a crime;

☒ contraband, fruits of crime, or other items illegally possessed;

☒ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) | Distribution and Possession with the Intent to Distribute a Controlled Substance |
| 21 U.S.C. § 843(b) | Unlawful Use of a Communication Facility, Including the Mails, to Facilitate the Distribution of a Controlled Substance |
| 21 U.S.C. § 846 | Conspiracy to Distribute and Possess with the Intent to Distribute a Controlled Substance |

The application is based on these facts:

*See attached Affidavit*

☒ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days*:_____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

JOSEPH WEIDENKOPF
_____
*Applicant's signature*

Joseph Weidenkopf, United States Postal Inspector
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.
Date: _____

_____
*Judge's signature*

City and state: Los Angeles, CA        U.S. Magistrate Judge Alka Sagar
*Printed name and title*

AUSA: Gabe Podesta (213) 894-2429

**ATTACHMENT A**

<u>PARCEL TO BE SEARCHED</u>

     A United States Postal Service Priority Mail Express parcel bearing label number EJ093350369US (the "SUBJECT PARCEL").  The SUBJECT PARCEL is further described as a brown cardboard box, weighing approximately 7 pounds and .8 ounces, postmarked on June 15, 2020 in Alexandria, Virginia and which bears a handwritten address label with the following recipient information: "Erick Benson 20925 Conradi Ave Torrance, CA 90502"; and with the following sender address information: "Roberto 4600 Duke St. #1104, Alexandria VA 22304."  The SUBJECT PARCEL is currently in the custody of the United States Postal Inspection Service ("USPIS") at 1055 North Vignes St., Second Floor, Los Angeles, California.

**ATTACHMENT B**

ITEMS TO BE SEIZED

The following items are to be seized from the parcel described in Attachment A, which constitute evidence, fruits, and instrumentalities of violations of 21 U.S.C. §§ 841(a)(1) (distribution and possession with the intent to distribute a controlled substance); 843(b) (unlawful use of a communication facility, including the mails, to facilitate the distribution of a controlled substance); and 846 (conspiracy to distribute and possess with the intent to distribute a controlled substance):

    a.  Any controlled substance, controlled substance analogue, or listed chemical;

    b.  Any counterfeit controlled substance, controlled substance analogue, or listed chemical;

    c.  Currency, money orders, bank checks, or similar monetary instruments in quantities over $1,000;

    d.  Packaging material;

    e.  Any records, documents, programs, materials or other papers relating to the trafficking of narcotics, including ledgers, pay/owe records, distribution or customer lists, correspondence, receipts, records, and documents noting price, quantities, and/or times when narcotics were bought, sold, or otherwise distributed.

**AFFIDAVIT**

I, Joseph Weidenkopf, being duly sworn, declare and state as follows:

## I. PURPOSE OF AFFIDAVIT

1. This affidavit is made in support of an application for a search warrant for a United States Postal Service ("USPS") parcel bearing label number EJ093350369US, the "SUBJECT PARCEL" more fully described in Attachment A. The requested search warrant seeks authorization to seize evidence, fruits, and instrumentalities of violations of 21 U.S.C. §§ 841(a)(1) (distribution and possession with the intent to distribute a controlled substance); 843(b) (unlawful use of a communication facility, including the mails, to facilitate the distribution of a controlled substance); and 846 (conspiracy to distribute and possess with the intent to distribute a controlled substance), as described more fully in Attachment B, which is also incorporated by reference.

2. The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not purport to set forth all of my knowledge of or investigation into this matter. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

## II. BACKGROUND FOR POSTAL INSPECTOR JOSEPH WEIDENKOPF

3. I am a Postal Inspector with USPIS and have been so employed since August 2015. I have completed a twelve-week basic training course in Potomac, Maryland, which included training in the investigation of drug trafficking via the United States Mail. I am currently assigned to the USPIS Los Angeles Division, Prohibited Mail Narcotics team. For three years I was previously assigned to the Parcel Task Force, which was comprised of Postal Inspectors and narcotics officers and detectives from the Los Angeles Police Department's ("LAPD") Gang and Narcotics Division. The Parcel Task Force was responsible for investigating drugs trafficked in parcels, including via the United States mails. I completed a forty-hour specialized USPIS narcotics training course and a forty-hour LAPD narcotics school training course. I have instructed at the LAPD narcotics school on multiple occasions.

4. Before becoming a Postal Inspector, I was employed as a Special Investigator retained by the United States Office of Personnel Management for seven and a half years, where I conducted civil service and national security investigations.

## III. SUMMARY OF PROBABLE CAUSE

5. On June 16, 2020, I flagged the SUBJECT PARCEL, mailed from Alexandria, Virginia, to Los Angeles, California, for further inspection because, among other reasons, the SUBJECT PARCEL had an incomplete sender name, which I later learned was not associated with the return address listed on the SUBJECT PARCEL. On June 17, 2020, a trained drug-detecting canine

alerted to the SUBJECT PARCEL, thereby indicating the presence of narcotics.

## IV. STATEMENT OF PROBABLE CAUSE

### A. Initial Investigation of the SUBJECT PARCEL

6. On June 16, 2020, I saw the SUBJECT PARCEL at the the Torrance Post Office, 2510 Monterey Street, Torrance, California. Initially, I noticed the SUBJECT PARCEL possessed the following characteristics often associated with narcotics trafficking through the mail:

    a. The SUBJECT PARCEL is a brown cardboard box;

    b. The sender and recipient information was handwritten;

    c. The sender's name was incomplete; and

    d. The SUBJECT PARCEL was mailed using Priority Mail Express service with no business account number.

7. On June 16, 2020, I used the CLEAR[1] database to research the name and sender address listed for the SUBJECT PARCEL: "Roberto 4600 Duke St. #1104, Alexandria VA 22304." The CLEAR search found that the name "Roberto" was not associated with the sender address.

8. On June 16, 2020, I used the CLEAR database to research the name and recipient address listed for the SUBJECT PARCEL: "Erick Benson 20925 Conradi Ave. Torrance, CA 90502."

---

[1] CLEAR is a public information database used by law enforcement that provides names, addresses, telephone numbers, and other identifying information.

The CLEAR search found that the name "Erick Benson" was not associated with the recipient address.

9. I know from my experience and training that drug traffickers often use fictitious, incomplete, or misspelled names and/or addresses in an effort to conceal their identities from law enforcement officers investigating these types of cases.

10. I therefore took custody the SUBJECT PARCEL and transported it to my office at 1055 North Vignes St., Second Floor, Los Angeles, California, to arrange for a canine sniff.

**B.   Positive Drug-Detection Dog Hit on the Subject Parcel**

11. On June 17, 2020, LAPD Officer Hillary Del Rio and her trained drug-detection canine, "Cooper," conducted an exterior canine sniff of the SUBJECT PARCEL. Officer Del Rio informed me that Cooper positively alerted to the SUBJECT PARCEL, indicating the presence of narcotics. Attached as Exhibit 1, and incorporated by reference, is a true and correct copy of information provided to me by Officer Del Rio regarding Cooper's training and history in detecting narcotics, as well as the canine sniff examination of the SUBJECT PARCEL.

**V.   TRAINING AND EXPERIENCE ON DISTRIBUTION OF NARCOTICS THROUGH THE MAILS**

12. Based on my training and experience as a Postal Inspector, and the experiences related to me by fellow Postal Inspectors who specialize in drug investigations, I know the following:

        a.    Los Angeles is a major source area for narcotics. As such, narcotics are frequently transported from Los Angeles via the United States Mail, and the proceeds from sales are frequently returned to Los Angeles through the mail. These proceeds are generally in the form of money orders, bank checks, or similar monetary instruments in an amount over $1000.00.

        b.    Narcotic distributors often use USPS Priority Mail Express, which is the USPS overnight/next day delivery mail product, or Priority Mail Service, which is the USPS two-to-three day delivery mail product. Distributors use the Priority Mail Express delivery service because of its speed, reliability, and the ability to track the parcel's progress to delivery. Distributors use the Priority Mail delivery service because it provides them more time for travel between states if they decide to follow their shipments to their destination for distribution. Also, by adding delivery confirmation to a Priority Mail parcel, distributors have the ability to track the parcel's progress to the intended delivery point, as if the parcel had been mailed using the Priority Mail Express Service.

    13.    Based on my training and experience, the following indicia, among other indicia, suggest that a parcel may contain narcotics or narcotic distribution proceeds:

        a.    The parcel is contained in a box, flat cardboard mailer, or Tyvek envelope;

        b.    The parcel bears a handwritten label and does not contain a business account number;

        c.    The sender or recipient addressee or address information is incomplete or obviously misspelled;

        d.    The seams of the parcel are all taped or glued shut;

        e.    The parcel emits an odor of a cleaning agent or adhesive or spray foam that can be detected by a human; or

        f.    Multiple parcels are mailed by the same individual, on the same day, from different locations.

14.    Parcels exhibiting such indicia are the subject of further investigation, which may include verification of the addressee and return addresses.

15.    I know from my training and experience that narcotic distributors often use fictitious or incomplete names and addresses in an effort to conceal their identities from law enforcement officers investigating these types of cases. To the extent that real addresses are ever used, it is only to lend a legitimate appearance to the parcel and is almost always paired with a false name.

//
//
//
//
//
//
//
//
//
//

//
//
//
//

## VI. CONCLUSION

16.     For all the reasons above, there is probable cause to believe that the SUBJECT PARCEL, as described in Attachment A, contain evidence, fruits, and instrumentalities of violations of 21 U.S.C. §§ 841(a)(1) (distribution and possession with the intent to distribute a controlled substance); 843(b) (unlawful use of a communication facility, including the mails, to facilitate the distribution of a controlled substance); and 846 (conspiracy to distribute and possess with the intent to distribute a controlled substance), as described in Attachment B.

                                        _____
                                        Joseph Weidenkopf
                                        United States Postal Inspector
                                        United States Postal
                                        Inspection Service

Attested to by the applicant in
accordance with the requirements
of Fed. R. Crim. P. 4.1 by
telephone on this ____ day of
_____, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

**EXHIBIT 1**

1   Your Affiant, Hillary Del Rio, Serial No. 39705, has been a Los Angeles Police (LAPD) Officer since 2008, and is currently assigned to Gang and Narcotic Division, K-9 Squad. Your Affiant has attended classes, seminars, training lectures and received on the job training in the field of narcotics given by narcotics experts. These experts conduct narcotic enforcement investigations and are from varied agencies that include: the LAPD; the U.S. Drug Enforcement Administration; the Bureau of Alcohol, Tobacco, Firearms and Explosives; the Federal Bureau of Investigation and other law enforcement agencies. Your Affiant completed a 40-Hour Narcotics Awareness course in the LAPD Academy. The awareness course covered topics such as narcotics sales, packaging, transportation and usage of narcotics. Additionally, your Affiant completed the California POST Certification for the 11550 H&S - Under the Influence of a Controlled Substance Course. Your Affiant has been involved in over 100 narcotic related arrests and investigations and has interviewed over 100 narcotic users and sellers on the methods of use, sales, packaging and transportation of narcotics. Your Affiant has worked with and is currently working under the direction of senior narcotic officers and tenured certified K9 narcotic detection handlers. Your Affiant has read training bulletins provided by the LAPD in addition to publications from other agencies related to narcotic investigations and detection.

On June 6, 2017, your affiant assumed responsibility of K9-Cooper, K9 #302, an LAPD narcotic detection canine. Your Affiant's responsibilities consist of the care, training and handling of the K-9. K-9 Cooper has received over 570 hours of training, during which time he has successfully located over 1,900 training aids, consisting of actual narcotics. These narcotics include heroin, cocaine, marijuana, and methamphetamine. As such, K-9 Cooper will positively alert to the scent of heroin, cocaine, marijuana, and methamphetamine. K9-Cooper's alert

23  consists of physical and behavioral reactions, which include a heightened emotional state and
24  possessive behavior in combination with focusing on the source of the scent.

25  The Los Angeles Police Department and the National Police Canine Association (NPCA)
26  have certified K-9 Cooper and your Affiant as a Narcotics Detection Team for use as of
27  June 6, 2017. The most current NPCA certification was obtained May 27, 2020. K-9 Cooper and
28  your Affiant have also been certified as a Narcotics Detection Team by the California Narcotic
29  Canine Association (CNCA). The most current CNCA certification was obtained September 23,
30  2019. K9-Cooper has been successfully used in over 80 investigations in which controlled
31  substances have been located. K9-Cooper is responsible for the seizure of over 60 kg of
32  methamphetamine, over 24 kg of heroin, over 51 kg of cocaine and over 600 lbs. of marijuana.

33  On June 17, 2020 at 1000 hours, your Affiant responded to a request for a parcel sniff at
34  1055 N. Vignes Street (USPS Alameda Carrier Annex). K9-Cooper conducted a sniff of a parcel
35  (brown cardboard box with Priority Mail Express label) with tracking #EJ 093 350 369 US. K9-
36  Cooper alerted to the presence of narcotic odor on the above referenced parcel.

37  I, Officer Hillary Del Rio, declare under penalty of perjury that all the above is true and
38  correct to the best of my knowledge and belief, and that this affidavit was executed on
39  June 17, 2020 at 1030 hours, in the County of Los Angeles, California.

40
41  _H. Del Rio_ #39705 6/17/2020
42  Police Officer Hillary Del Rio, Serial No. 39705